J-S67025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KOREY C. HOLMES | |
| Appellant | No. 3405 EDA 2015 |

Appeal from the Judgment of Sentence October 8, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009308-2012

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J. **FILED OCTOBER 12, 2016**

Appellant, Korey C. Holmes, appeals from the judgment of sentence of sixteen to eighty-four months' imprisonment and one year of probation, imposed after his conviction for possession of cocaine with intent to deliver, simple possession of cocaine, and possessing drug paraphernalia.[1] We affirm.

The facts elicited at the trial in this case showed the following: Police entered Appellant's home December 5, 2012, to serve legal process in a matter unrelated to the instant case. There, officers discovered Appellant smoking a marijuana cigarette in the company of three other men, and other evidence of drug activity. A search of the premises and Appellant's person

---

[1] 35 P.S. § 113(a)(30), 35 P.S. § 780-113(a)(16), 35 P.S. § 780(a)(32).

[*] Former Justice specially assigned to the Superior Court.

resulted in the recovery of one marijuana cigarette, $90 in cash in Appellant's right pants pocket, twenty-nine blue-tinted bags of crack cocaine within a larger plastic bag in his left pants pocket, and a digital scale.

At trial, the Commonwealth introduced the expert testimony of Detective James Wood, who opined that, based on the evidence and his experience and training, Appellant possessed the cocaine with intent to deliver. Detective Wood based his opinion on the following factors: 1) the scale recovered at the scene was the type typically used by drug dealers in measuring illegal drugs for packaging and individual sale; 2) the bags were of a type typically used by drug dealers for individual resale; 3) the amount of cocaine contained within each packet was an amount typically used by drug dealers in individual resale; 4) the number of individual packages recovered was higher than a typical user would possess for personal use; 5) the packets recovered could be sold individually for a significant profit over the cost of making a bulk purchase of that total amount of cocaine; 6) from Wood's personal observation, Appellant did not exhibit typical physical characteristics of a cocaine user; 7) no paraphernalia associated with cocaine users was discovered at the scene; and 8) the amount of currency discovered on Appellant's person was consistent with the sale of cocaine. Trial Court Opinion (TCO), 1/5/16, at 6-7 (internal citations to the record omitted), **see also** Notes of Testimony (N. T.), 6/20/13, at 47-62.

On June 20, 2013, following trial, a jury convicted Appellant of the above-enumerated offenses. On July 9, 2013, the Commonwealth filed

notice of its intention to seek a mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508. On September 3, 2013, the sentencing court imposed the mandatory minimum sentence and sentenced Appellant to three to seven years' imprisonment on the possession with intent to deliver conviction, and a concurrent one-year probationary sentence for possession of drug paraphernalia.[2] Appellant timely filed a post-sentence motion challenging the weight of the evidence; however, the motion was docketed in error by the Montgomery County Clerk of Courts and was not forwarded to the sentencing court. Subsequently, Appellant's counsel discovered the error and on January 27, 2014, filed a motion for reinstatement of the post-sentence motion *nunc pro tunc*, which the court granted January 29, 2014.

On April 3, 2014, Appellant filed a supplemental post-sentence motion contending the mandatory minimum sentence imposed was illegal pursuant to ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), which had been decided two days prior to Appellant's trial. The court determined Appellant had not established a right to relief on the weight of the evidence claim, but that the mandatory minimum sentence was illegal. On June 5, 2014, the court denied Appellant's post-sentence weight claim and granted Appellant's ***Alleyne*** claim, vacated his sentence, and scheduled the matter for resentencing. On July 7, 2014, the Commonwealth timely appealed directly

_____

[2] The sentence for simple possession merged, for sentencing purposes, with that of the possession with intent to deliver.

- 3 -

to the Supreme Court of Pennsylvania, which affirmed the trial court on August 31, 2015. *Commonwealth v. Holmes*, 121 A.3d 987 (Pa. 2015) (unpublished memorandum).

On October 8, 2015, the sentencing court imposed a standard range sentence of sixteen to eighty-four months' imprisonment for possession with intent to deliver, and one year of probation on the conviction for possession of drug paraphernalia. Appellant timely appealed *pro se* and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion on January 5, 2016.

Appellant presents a single issue for our review, namely:

> Whether the trial court erred in denying Appellant Holmes' post sentence motion for a new trial based on the weight of the evidence where defendant's conviction for possession with intent to deliver was manifestly against the weight of the evidence insofar as the only evidence regarding the Appellant's intent to deliver was the testimony of Detective James Woods, which opinion was unreliable, insofar as it was self-contradicting, highly speculative, and based on facts not in evidence, as stated more fully in said motion.

Appellant's Brief, at 4.

The law regarding weight of the evidence claims is well-settled.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has

been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

Appellant contends that the jury's verdict was against the weight of the evidence. In so doing, Appellant attacked the credibility and reliability of Detective Wood's testimony and opinion, as well as the credibility and reliability of the forensic chemistry expert's testimony. In such cases,

> "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review."

***Commonwealth v. Trippett***, 932 A.2d 188, 198 (Pa. Super. 2007), *quoting* ***Commonwealth v. Rossetti***, 863 A.2d 1185, 1191 (Pa. Super. 2004) (citation omitted); ***see also Commonwealth v. Hankerson***, 118 A.3d 415, 420 (Pa. Super. 2015) (noting that this Court may not re-assess the credibility of a witness' testimony when ruling on a weight of the evidence claim).

As noted by the trial court, Detective Wood's testimony and opinion were based on facts in the record, his extensive experience and training in the field of illegal narcotics trafficking, and his personal participation in more than 1,000 drug investigations and arrests. ***See*** TCO at 6. It was the jury's role to evaluate this testimony and give it such weight as they saw fit, and

they properly found that there was nothing inherently unreliable or impermissibly speculative in Detective Wood's testimony. **See** TCO, at 6-8. Thus, the jury heard the evidence, evaluated it, and found Detective Wood's testimony credible, and we decline to re-assess the jury's credibility determination. **See Hankerson**, 118 A.3d at 420.

Moreover, Appellant vigorously challenged the testimony of both Detective Wood and the Commonwealth's forensic expert during cross-examination before the jury, covering many of the issues he now raises on appeal.[3] The jury, in their role as fact-finder, has heard, considered, and subsequently rejected Appellant's arguments. Thus, Appellant's claim is without merit.

This Court discerns no abuse of discretion in the trial court's decision to deny Appellant's post-sentence motion and, based upon the above, the verdict was not so contrary to the evidence as to shock one's sense of justice. **See Houser**, 18 A.3d at 1135-1136.

Order affirmed.

---

[3] **See** N. T., 6/20/13, at 26, 29, 32-33, 36-37, 57, 59, 62-90; **see also** N. T. 6/20/13, at 15-35, 38-39.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2016